954 F.2d 733
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Warren WEXLER, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 91-3475.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1992.
 
 Before PAULINE NEWMAN, LOURIE and RADER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Warren Wexler appeals the final decision of the Merit Systems Protection Board (Board), Docket No. DE075288C9059, denying his petition for enforcement of a settlement agreement. Wexler v. Department of the Interior, 48 M.S.P.R. 513 (1991). We affirm the Board's decision.
 
 Background
 
 2
 Mr. Wexler was removed from his position as an electrical engineer with the Department of the Interior's Bureau of Reclamation (the agency). Following the filing of an appeal to the Board, the parties entered into a settlement agreement. The agreement provides that "the parties agree that the terms of this agreement shall be kept confidential except as required to implement any part of the agreement." The Board accepted the settlement agreement, and the appeal was dismissed.
 
 
 3
 Mr. Wexler subsequently filed a petition for review, stating that he was coerced into entering into the agreement and that the agreement was based on fraud or mutual mistake. In defending, the agency provided copies of the settlement agreement to its Office of Hearings and Appeals, and subsequently to the Board. The Board denied the petition for review on the merits, Wexler v. Department of the Interior, 40 M.S.P.R. 240 (1989) (Table), and Mr. Wexler appealed to this court. The agency attached a copy of the settlement agreement to its brief filed in this court. We affirmed the Board's decision. Wexler v. Department of the Interior, 889 F.2d 1099 (Fed.Cir.1989) (Table), cert. denied, 110 S.Ct. 2627 (1990).
 
 
 4
 While Mr. Wexler's appeal to the Federal Circuit was pending, he filed a petition for enforcement with the Board. He contended that the agency's disclosure of the settlement agreement to the Office of Hearings and Appeals, to the Board, and to the Federal Circuit, violated the confidentiality provision of the agreement. He requested nullification or rescission of the agreement based on this asserted breach. The Board held that the agency had a right to defend itself in the various proceedings, and that the confidentiality provision did not preclude the agency from submitting the agreement to these tribunals in its own defense. Wexler v. Department of the Interior, 43 M.S.P.R. 155 (1990) (Table).
 
 
 5
 Mr. Wexler again appealed to the Federal Circuit, who affirmed the Board's denial of the petition for enforcement. We held that the disclosures of the agreement to the tribunals did not violate the agreement, and we observed that the non-disclosure provision by its terms authorizes disclosure when "required to implement any part of the agreement". We stated that even if a breach had occurred, it was not of such material or substantial nature as would warrant rescission of the settlement. Wexler v. Department of the Interior, No. 90-3217 (Fed.Cir. July 25, 1990), 909 F.2d 1496 (Fed.Cir.1990) (Table). In responding to this appeal the agency had again attached a copy of the entire settlement agreement to its brief.
 
 
 6
 Mr. Wexler filed a second petition for enforcement with the Board, alleging that this further disclosure constituted an additional violation of the settlement agreement. Mr. Wexler maintained that the confidentiality provision was the only provision of the agreement that was at issue, and was the only provision properly before the court. He stated that disclosure of the entire agreement breached the confidentiality provision. The administrative judge dismissed the petition, on the ground of res judicata. The Board affirmed the initial decision, but on grounds other than res judicata.
 
 
 7
 The Board concluded that identity in the causes of action was lacking because Mr. Wexler alleged that the further disclosure constituted an additional breach. The Board thus considered the petition on its merits, and held that the entire agreement was properly before the Board for enforcement purposes, that the terms of the confidentiality provision allow disclosure of the agreement for "implementation" purposes, and that the entire record including the agreement was properly before the Federal Circuit. Wexler v. Department of the Interior, 48 M.S.P.R. 513 (1991). This decision is now appealed to this court.
 
 Opinion
 
 8
 The question raised is whether the disclosure, in this second cycle of enforcement petitions, of the entire settlement agreement, as distinguished from simply the confidentiality clause, violated the confidentiality provision of the agreement. Since it is the settlement terms that are significant to the agency's defense, we agree with the Board that the entire agreement was properly incorporated in the record. Thus the question devolves to the same question of law that was answered by this court in Wexler, 909 F.2d 1496, in connection with the first petition for enforcement.
 
 
 9
 Issue preclusion applies when (1) the issue is the same as that involved in a prior action; (2) the issue was actually raised and litigated in the prior action; (3) the judgment in the prior action was dependent upon determination of the issue; and (4) the party to be precluded was fully represented and had a full and fair opportunity to litigate the issue in the prior action. Thomas v. General Services Admin., 794 F.2d 661, 664 (Fed.Cir.1986). These requirements are met. We hold that Mr. Wexler is precluded from relitigating the issue of whether the settlement agreement may be disclosed to the tribunals before which he has brought a petition relating to that agreement. The Board's denial of the petition for enforcement is affirmed.