961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Warren WEXLER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-1373.
 United States Court of Appeals, Tenth Circuit.
 April 7, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Warren Wexler appeals from an order of the district court dismissing his claims brought under the Federal Tort Claims Act. The district court dismissed Plaintiff's complaint holding that his causes of action were barred by the terms of a settlement agreement and that he was precluded from litigating the validity of the settlement agreement by res judicata due to his four earlier administrative claims.
 
 
 2
 We agree substantially with the district court's order filed August 23, 1991, and attached hereto. On appeal, Plaintiff argues that his pending appeal before the Federal Circuit could rescind the settlement agreement, thereby precluding the earlier judgments from being res judicata. It is well settled that "a final judgment retains all of its res judicata consequences pending decision of the appeal...." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction & Related Matters § 4433, at 308 (1981). Moreover, Plaintiff's argument is moot due to the Federal Circuit's recent decision in Plaintiff's case which affirmed the decision of the Merit Systems Protection Board. See Wexler v. Department of Interior, No. 91-3475, 1992 WL 4241 (Fed.Cir. Jan. 14, 1992).
 
 
 3
 Plaintiff's motion to proceed in forma pauperis is GRANTED and the district court's order dismissing the complaint is AFFIRMED.
 
 ATTACHMENT
 
 4
 THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Civil Action No. 91-F-92
 
 5
 WARREN WEXLER, Plaintiff,
 
 
 6
 v.
 
 
 7
 UNITED STATES OF AMERICA, Defendant.
 
 
 8
 Aug. 23, 1991.
 
 ORDER GRANTING MOTION TO DISMISS
 
 9
 SHERMAN G. FINESILVER, Chief Judge.
 
 
 10
 This matter comes before the court on defendant United States' Motion to Dismiss, filed June 12, 1991. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1331 (West Supp.1991). For the reasons stated below, the Motion to Dismiss is hereby GRANTED.
 
 I.
 PROCEDURAL BACKGROUND
 
 11
 Plaintiff Warren Wexler was an employee of the Bureau of Reclamation ("BOR") of the United States Department of the Interior ("Department").[1] He began his employment on January 13, 1986, and was dismissed for cause on September 2, 1988.
 
 
 12
 Soon after his dismissal from the BOR, plaintiff began the first of four administrative processes to appeal his removal and to recover damages for injuries he allegedly suffered as a result of the treatment he received from his supervisors and co-employees.
 
 A.
 FIRST APPEAL PROCESS
 
 13
 Subsequent to his termination, plaintiff appealed his dismissal to the Merit Systems Protection Board ("MSPB") pursuant to the Civil Service Reform Act, 5 U.S.C.A. §§ 1201-1222 (West Supp.1991). The MSPB scheduled a hearing on plaintiff's appeal for December 1, 1988. Plaintiff was represented by counsel during this appeal, and plaintiff engaged in and was present with his attorney during the settlement negotiations with the Department prior to the December 1, 1988 hearing.
 
 
 14
 On December 1, 1988, just before the MSPB hearing, plaintiff and the BOR entered into an agreement with the BOR. The agreement was in writing and was titled Settlement Agreement and Release ("Agreement"). The Agreement provided that in exchange for the payment of $9,000, less deductions in lieu of back pay, plaintiff agreed: 1) To withdraw his MSPB appeal based on his removal; 2) To withdraw all pending grievances and appeals with prejudice; 3) To refrain from litigating these matters further in any forum upon receipt of the settlement amount; and 4) To waive any and all rights to sue the agency or any of its employees over any matters arising during the tenure of his employment with the agency. The Agreement also included a standard confidentiality clause which provided that the terms of the Agreement would not be divulged by the Department except as necessary to implement the terms of the Agreement.
 
 
 15
 On December 6, 1988, the administrative law judge before whom the MSPB appeal was pending found that the Agreement was lawful and freely entered into by the parties. The administrative law judge adopted the Agreement as the final resolution of plaintiff's MSPB appeal.
 
 
 16
 On December 16, 1988, the Department issued a check for $6,074.00, reflecting $9,000 less deductions of $2,925.00, as agreed to in the Agreement. On January 23, 1989, the Department received notice from plaintiff that the settlement check had been received.
 
 
 17
 Plaintiff then appealed the December 16, 1988 decision to the MSPB, claiming that the administrative law judge had forced and coerced him into accepting the settlement offer. On January 13, 1989, plaintiff's attorney, who had represented plaintiff throughout the negotiations that resulted in the Agreement, notified plaintiff that he was withdrawing from plaintiff's case.
 
 
 18
 On April 19, 1989, the MSPB upheld the administrative law judge's decision that the Agreement was freely and lawfully entered into by the parties. Plaintiff then appealed the MSPB's April 19, 1989 decision to the United States Court of Appeals for the Federal Circuit. On October 6, 1989, the Federal Circuit affirmed the decision of the MSPB. Wexler v. Department of Interior, No. 89-3264, slip op. (Fed.Cir. Oct. 6, 1990).
 
 B.
 SECOND APPEAL PROCESS
 
 19
 On May 22, 1989, plaintiff began his second appeal process with a petition of enforcement to the MSPB alleging that the Agreement was breached and was therefore "null and void." Plaintiff claimed that the Department breached the confidentiality clause of the Agreement by providing copies of the Agreement to the MSPB, the Office of Hearings and Appeals of the Department of the Interior, and the United States Department of Justice. On August 31, 1989, the MSPB administrative law judge found that the Department had not breached the confidentiality clause of the Agreement and entered a judgment against plaintiff.
 
 
 20
 Plaintiff then appealed the August 31, 1989 decision to the MSPB. On January 23, 1990, the MSPB affirmed the decision. Plaintiff next appealed the January 23, 1990 decision to the Federal Circuit. On July 25, 1990, the Federal Circuit denied plaintiff relief and affirmed the decision of the MSPB. Wexler v. Department of Interior, No. 90-3217, slip op. at 1 (Fed.Cir. July 25, 1990)
 
 C.
 THIRD APPEAL PROCESS
 
 21
 On June 4, 1990, plaintiff began a third process with the MSPB to review the validity of the Agreement. Plaintiff claimed that the confidentiality clause of the Agreement was breached when the Department supplied a copy of the Agreement to the Federal Circuit relating to its July 25, 1990 decision.
 
 
 22
 On August 3, 1990, the MSPB administrative law judge denied plaintiff's petition, finding that plaintiff's claim had been previously disposed of by plaintiff's May 22, 1989 appeal and was, therefore, barred by the doctrine of res judicata. Plaintiff then appealed the administrative law judge's August 3, 1990 decision to the MSPB.
 
 
 23
 On May 30, 1991, the MSPB reversed the administrative law judge's finding that plaintiff's claim was barred by res judicata but affirmed the administrative law judge's final decision which found that the Agreement was not in breach.
 
 D.
 FOURTH APPEAL PROCESS
 
 24
 On March 28, 1990, Plaintiff began his fourth process to review his dismissal from the BOR. Pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671-2680 (West Supp.1991), plaintiff filed an administrative tort claim with the BOR in which he sought fifty-one million dollars for injuries allegedly sustained as a result of his employment with and dismissal from the BOR. On July 18, 1990, the Department denied plaintiff's administrative tort claims.
 
 E.
 THE INSTANT ACTION
 
 25
 Plaintiff filed the instant action on January 17, 1991, in the United States District Court for the District of Colorado. He brought the action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671-2680 (West Supp.1991). Plaintiff sought relief against the United States under a number of theories including negligence, gross negligence, intentional infliction of emotional distress, harassment, discrimination, deprivation of liberty and property without due process of law, and cruel and unusual punishment.
 
 
 26
 Defendant filed a motion to dismiss the action for failure to state a claim upon which relief can be granted on June 12, 1991. Plaintiff has opposed the motion.
 
 
 27
 We construe plaintiff's pro se complaint liberally, see Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991), and recognize the spirit of notice pleading encompassed in the Federal Rules of Civil Procedure, see Mountain View Pharmacy v. Abbott Laboratories, 630 F.2d 1383, 1386 (10th Cir.1980).
 
 II.
 THE SETTLEMENT AGREEMENT AND RELEASE
 
 28
 After careful review of the Complaint and Amended Complaint, we find that plaintiff's causes of action are barred by the terms of the Settlement Agreement and Release. The Agreement specifically provides that: "[Plaintiff] agrees to refrain from litigating these matters any further in any forum upon receipt of the settlement amount." On January 23, 1989, plaintiff gave the Department notice that he had received the settlement check.
 
 
 29
 The Agreement also provides that: "[Plaintiff] waives any and all right to sue the agency or any of its employees over any matters arising during the tenure of his employment with the agency."
 
 
 30
 It is clear that plaintiff entered into a valid and binding settlement agreement. We agree with the United States Court of Appeals for the Federal Circuit, which stated: "We are satisfied that, as a matter of law, the MSPB Administrative Judge correctly found that the agreement is not 'null and void'...." Wexler, No. 90-3217, slip op. at 1. It is a general principle of law that "a settlement agreement is a contract," id. at 2, and that "[w]ritten contracts that are free from ambiguity are enforced because they express the intention of the parties." Carter Baron Drilling v. Badger Oil Corp., 581 F.Supp. 592, 594 (D.Colo.1984).
 
 
 31
 In addition, under Colorado law, if a party enters into a contract or any other legal document with sufficient mental capacity to understand it and not under the influence of fraud, coercion, or imposition, the courts will not relieve him of the consequences of his act on the sole ground that the bargain was improvident or rash. Eastern Tunneling Corp. v. Southgate Sanitation Dist., 487 F.Supp. 109 (D.Colo.1979). Here, there is no evidence that plaintiff was coerced into entering the Settlement Agreement or that the Agreement was based on fraud or mutual mistake.
 
 III.
 THE DOCTRINE OF RES JUDICATA
 
 32
 Finally, plaintiff is barred by the doctrine of res judicata from attacking the validity of the Settlement Agreement and Release. Under the doctrine of res judicata or claim preclusion, " 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " Brown v. Felsen, 442 U.S. 127, 131 (1979) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)); Parker v. Brown, No. 90-1530, slip. op. at 3-4 (D.Colo. March 25, 1991); Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329 (10th Cir.1988); Howard v. Tisch, No. 87-606, slip. op. at 3 (D.Colo. March 7, 1991). Res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown, 442 U.S. at 131.
 
 
 33
 The validity of the Settlement Agreement and Release has repeatedly been litigated by plaintiff and at each level of review the validity of the Agreement has been affirmed. Plaintiff is bound by the plain language of the Agreement and has waived the right to sue the United States, its agencies, and its employees over any matters arising during his tenure of his employment with the Bureau of Reclamation.
 
 IV.
 ORDER
 ACCORDINGLY, it is ordered:
 
 34
 1) Defendant United States' Motion to Dismiss is hereby GRANTED.
 
 
 35
 2) The above captioned action is DISMISSED with prejudice.
 
 
 36
 3) Each party shall bear his or its own costs.
 
 
 37
 Dated this 23 day of August 1991, at Denver, Colorado.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 All factual recitations in this order have been alleged in the litigants' pleadings